```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

CLIFTON ALLEN LAVINSKEY,         :
                                 :
     Petitioner,                 :
                                 :
vs.                              :       CIVIL ACTION 12-0559-WS-M
                                 :
GARY HETZEL,                     :
                                 :
     Respondent.                 :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Clifton Allen Lavinskey pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of second degree rape and first degree sexual abuse in the Mobile County Circuit Court pursuant to a plea agreement; on November 26, 2008, he was sentenced to twenty years and ten years, respectively, to be served

1

consecutively, in the state penitentiary (*see* Doc. 8, p. 2; *see also* Doc. 14, pp. 2-3).  Though he filed a motion to withdraw his guilty plea, which was denied, Lavinskey did not appeal his convictions or sentences (*see* Doc. 8, p. 3; *cf.* Doc. 14, p. 3).

Petitioner filed a Rule 32 petition on November 20, 2009 (Doc. 4, p. 4; *cf.* Doc. 14, p. 3).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, following a remand and reconsideration by the lower court, finding the claims to be without merit (Doc. 14, Exhibit F).  On July 13, 2011, a certificate of judgment was entered (Doc. 14, Exhibit G).

Petitioner filed a complaint with the United States District court for the Middle District of Alabama Court on June 22, 2012 (Doc. 6, p. 17).[1]  That Court transferred the action to this Court (Doc. 6, pp. 51-55).  This Court Ordered Lavinskey to file a new petition, on this Court's forms, which he did, raising the following claims:  (1) Petitioner did not knowingly and voluntarily enter into his plea agreement; and (2) his attorney rendered ineffective assistance (Doc. 8).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year

---

[1] Petitioner initiated this action on June 22, 2012 with the filing of this action with prison authorities.

statute of limitations period (Doc. 14, pp. 7-8).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on January 7, 2009, the day on which the time expired for Lavinskey to file an appeal.  Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)").  Therefore, on January 8, 2009, the AEDPA limitations clock began to run.

Petitioner's habeas corpus petition was not filed until

3

June 22, 2012, more than two years year after the limitations period had expired.  However, Lavinskey had filed a Rule 32 petition in State court on November 20, 2009, the 317th day of his one-year limitations period.  AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The State did not finish with Petitioner's Rule 32 action until July 13, 2011 (Doc. 14, Exhibit G).  On the next day, the limitations clock began to run again and ran until June 22, 2012, 345 days later.  This period of time, 345 days, plus 317 days, the period of time between Lavinskey's conviction and the filing of his Rule 32 petition, totals 662 days.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that

judgment be entered in favor of Respondent Gary Hetzel and against Petitioner Clifton Allen Lavinskey pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Lavinskey did not file this action in a timely

manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The

procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of January, 2013.

                                        s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE